

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. 0-1922
Re: County Commissioners' Court has no
authority to contract for a public
liability insurance policy for coun-
ty hospital.

This will acknowledge receipt of your letter
of February 14, 1940, in which you seek an opinion of
this department upon the question therein presented.
The pertinent parts of your inquiry are:

"Gregg county operates a county hospital
and makes certain charges for so called private
patients, using the charge of uniform hospital
charges.

"An insurance policy has been issued by
a local insurance company written by Saint
Paul Mercury Indemnity Company of Saint Paul
and is a regular owner's, landlord's and ten-
ant's public liability policy. This policy
insures the county against (a) injury to any
of the employees of the hospital, (b) any out-
sider that may be injured on the premises.

"Has the county authority to have written
such a policy and pay for same out of county
funds?"

This department held in Opinion No. 0-353, dated
March 6, 1939, written by Hon. Morris O. Hodges, Assist-
ant Attorney General, that a Commissioners' Court did
not have authority to contract for liability insurance
on a car used by a county officer.

It is a well settled rule of law that the county is not liable for injuries sustained by reason of the tortious or negligent acts of its agents or employees in the absence of specific statute creating such liability. This proposition is borne out in the following authorities:

NUSSBAUM v. BELL COUNTY, 76 S. W. 430;
ANGELINA COUNTY v. BOND, 17 S. W. (2d) 338;
FLORIA v. GALVESTON COUNTY, 55 S. W. 540;
BRYAN v. LIBERTY COUNTY, 299 S. W. 303.

We have carefully reviewed the statutes and failed to find any specific statutory liability created against the county by the fact situation presented by you. It is fundamental that the county would have no authority to insure against a non-existent liability.

Article 3, Section 52 of our Constitution, denies the right of a county to lend its credit or grant public money in aid of any individual. We think this section is an express prohibition against the Commissioners' Court contracting for liability insurance covering injuries resulting from the acts of its employees.

It is the opinion of this department that the Commissioners' Court of your county has no authority to purchase the policy of insurance made the basis of your inquiry, nor to pay for the same out of county funds.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:ob

APPROVED FEB 23, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN